IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-01-196-E-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN ERNEST DADE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant was sentenced before this Court on October 23, 2003.  *See*

Docket No. 260.  Defendant subsequently appealed his conviction and sentence to

the Ninth Circuit Court of Appeals.  The Ninth Circuit issued its Memorandum

Decision on June 29, 2005, affirming the conviction but remanding the case to this

Court for resentencing in light of *United States v. Booker*, 125 S. Ct. 738, 769

(2005) and *United States v. Ameline*, 409 F.3d 1073, 1084-1085 (9th Cir. 2005) (en

banc).  *See* Docket No. 279.

The procedures set forth in *Ameline* provide (1) that the Defendant have an

opportunity to opt out of resentencing by promptly notifying this Court that

resentencing will not be sought; (2) that the Court obtain the views of counsel as to

**ORDER - 1**

why resentencing is warranted; and (3) that the Court, with or without a hearing, make a determination as to whether the sentence would have been materially different had the Guidelines been advisory at that time.  *Id.*

*Ameline* further provides that if the Court determines that the sentence *would not* have been materially different, it should issue a decision not to resentence with an appropriate explanation for that decision.  On the other hand, if the Court determines that the sentence imposed *would* have been materially different, it should vacate the original sentence and resentence the Defendant with the Defendant present.  *Id.* at 1085.  Accordingly,

IT IS HEREBY ORDERED that Defendant shall within thirty (30) days from the date of this Order notify the Court whether he intends to opt out of resentencing.  If he does not opt out, a brief shall be filed with the notification stating the grounds upon which he contends that the sentence should be materially different based on advisory guidelines.[1]

IT IS FURTHER HEREBY ORDERED that the Government shall file a responsive brief within twenty-one days from the date Defendant's brief is filed.  A date for resentencing shall be set if the Defendant does not opt out of resentencing

---

[1] The Court recognizes that this time limit may not be adequate for counsel to locate and contact Defendant and make an informed decision.  Defense counsel may request additional time if needed.

and the Court determines that there is some likelihood that the sentence imposed

would have been materially different if the Court had sentenced under advisory

guidelines.

DATED:  **July 26, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court