IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. CR-01-196-E-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JOHN ERNEST DADE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court entered an Order (Docket No. 280) on July 26, 2005, advising Defendant that the Ninth Circuit Court of Appeals affirmed his conviction but remanded the case to this Court for resentencing in light of *United States v. Booker*, 125 S.Ct. 738, 769 (2005), and *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).  The Court directed Defendant to, within thirty (30) days from the date of the Order, either notify the Court of his intention to opt out of resentencing or file a brief stating the grounds upon which he contends that the sentence should be materially different based on advisory guidelines.

It has come to the Court's attention that copies of the Order mailed to Defendant and to defense counsel David Finlayson and Bradley Nykamp have

**ORDER - 1**

been returned to the Court as undeliverable.  The Clerk of Court shall resend the Order to Defendant at the address noted on his recent filings and to Attorney Finlayson at the address below.  The Court has been unable to determine a current address for Attorney Nykamp.

Defendant has filed several motions during the last two month that the Court will address only briefly.  Defendant's Motion for New Trial (Docket No. 286), alleging purported newly discovered evidence, was filed within three (3) years of the jury verdict as required by Fed. R. Cr. P. 33(b)(1).  However, the Court will deny the Motion, as it did two prior motions for new trial, for failure to make the requisite showing.  *See* Docket Nos. 197 and 216.

Except for his Motion to Withdraw Current Counsel and Appoint New Counsel (Docket No. 285), the remaining motions are simply new versions of the numerous motions Defendant has filed and the Court has denied since the verdict was entered. They are more properly claims that should be brought under a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence.  That statute provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such

**ORDER - 2**

sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

With regard to the Motion to Withdraw Current Counsel and Appoint New Counsel (Docket No. 285) Defendant has most recently been represented by retained counsel, Attorney David Finlayson. Defendant must communicate with Mr. Finlayson regarding his inability to pay and desire to change counsel. Mr. Finlayson must then file a Motion to Withdraw.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court forward copies of this Order together with the Order regarding resentencing (Docket No. 280) to Defendant at what appears to be his new address of Prisoner No. 10381-023, Box 305, Jonesville, VA 24263, and to Attorney David Finlayson, 43 East 400 South, Salt Lake City, UT. The Clerk shall also make the appropriate updates to the Docket to reflect the new addresses.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Leave to File New Claim (Docket No. 284), Motion to Withdraw Current Counsel and Appoint New Counsel (Docket No. 285), Motion for New Trial (Docket No. 286), Motion to Introduce Evidence to Preserve Defendant's Legal Rights (Docket No.

287), and Motion for Witnesses (Docket No. 288) are DENIED.

DATED: **October 14, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 4**