IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-01-196-E-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN ERNEST DADE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Notice to Court and Motion for Extension of

Time to File Sentencing Brief (Docket No. 298) filed by Defendant's counsel at

sentencing and on appeal, David Finlayson.  Also pending before the Court are the

following motions filed by Defendant *pro se*: Motion to File *In Forma Pauperis*

(Docket No. 289), Motion in Support of Defendant's Affidavit of His Due Process

(Docket No. 294), Motion for Writ of Error and Coram Nobis (Docket No. 296),

Motion for Mercy and Justice (Docket No. 297), Motion for the Court to Rule on

All Pending Motions (Docket No. 299), Motion to Correct Miscarriage of Justice

(Docket No. 300), Motion to Preserve Newly Discovered Evidence (Docket No.

301), Motion to Inquire (Docket No. 302), Motion to Seal Document (Docket No.

**ORDER - 1**

303), and Motion to Recall Mandate (Docket No. 304).

Having reviewed the record, and otherwise being fully informed, the Court enters the following order.

## BACKGROUND

The Ninth Circuit Court of Appeals affirmed Defendant's conviction but remanded the case to this Court for resentencing in light of *United States v. Booker*, 125 S.Ct. 738, 769 (2005), and *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).  The Court directed Defendant, through his last attorney of record, Mr. Finlayson, to either notify the Court of his intention to opt out of resentencing or file a brief stating the grounds upon which he contends that the sentence should be materially different based on advisory guidelines.  Counsel notified the Court of Defendant's intention not to opt out of resentencing and requested an extension of time for either filing a motion to withdraw or a sentencing brief.

## DISCUSSION

Mr. Finlayson was retained, rather than appointed, counsel.  When a defendant has been represented by retained counsel, the Court has generally not required such counsel to continue on and represent a defendant following a remand on appeal.   Mr. Finlayson has indicated to the court staff that he is not being paid

**ORDER - 2**

for any further work and does not wish to represent the defendant during the post-Booker re-sentencing process.    The feeling is apparently mutual, since the defendant has filed numerous *pro se* filings indicating that he definitely wishes to proceed with re-sentencing, but desires new representation.  Defendant has also filed a motion for *in forma pauperis* status and appears to be indigent.[1]  Because of Defendant's inability to pay retained counsel and his stated desire for new counsel, it would be an exercise in futility to require Mr. Finlayson to contact Defendant about continued representation in this resentencing matter.  Accordingly, the Court will grant Defendant's motion for *in forma pauperis* status and appoint counsel to represent Defendant for the purpose of resentencing.

Defendant is advised that this case has been remanded to this Court by the Ninth Circuit Court of Appeals for the very limited purpose of determining whether the sentence it imposed based on mandatory guidelines would be materially different based on  advisory guidelines.  If the Court determines that the sentence would be materially different, the Court will resentence Defendant.  If the Court determines that the sentence would not be materially different, the Court will not resentence Defendant.

---

[1]  Defendant had been represented by appointed counsel through trial.  Retained counsel for sentencing and appeal was paid for by other individuals.

**ORDER - 3**

Defendant's *pro se* filings for the most part allege claims of ineffective assistance of counsel and inadequate medical care.  He also appears to be challenging other conditions of confinement such as solitary confinement.

Defendant's ineffective assistance of counsel claims are more properly considered in a § 2255 motion.   However, the Court may not consider a § 2255 motion until direct appellate review is exhausted.  *United States v. Pirro,* 104 F.3d 297, 298 (9th Cir. 1997); *Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987).  When the Ninth Circuit partially reverses a conviction and remands the case to the district court for resentencing, the judgment does not become final, and the statute of limitations on § 2255 motions does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.  *See United States v. LaFramboise*, No. 03-35853, 2005 WL 2767102, at *4 (9th Cir. October 26, 2005) (citing *United States v. Colvin*, 204 F.3d 1221, 1226 (9th Cir. 2000)).

Defendant's claims of inadequate medical care or challenges to conditions of confinement must be addressed to the institutions in which he is or has been confined.  Prison conditions may be challenged and inadequate medical care claims pursued in a civil rights action against individual federal employees under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

**ORDER - 4**

(1971).  In *Bivens*, the United States Supreme Court recognized a cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights.  This type of action is the federal counterpart to a § 1983 civil rights action against a state or municipal employee.  Such an action should not be brought in the district in which the sentence was imposed.  Rather, it should be brought in the district in which the defendant is incarcerated.

## CONCLUSION

The Court will allow Defendant to proceed *in forma pauperis* and appoint counsel to represent him in resentencing.  Defense counsel's motion for an extension of time is moot.  Defendant's remaining motions are denied.

Defendant is advised that all further pleadings shall be filed by counsel.  The Court will not consider any motions filed by Defendant *pro se* after the date of this Order.  To the extent that the above motions were intended to challenge his sentence, Defendant is advised that after the Court resentences him and enters an amended judgment, he will have an opportunity to challenge the new sentence on direct appeal and collaterally under § 2255.  *LaFramboise* at *3.

**ORDER - 5**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to File *In Forma Pauperis* (Docket No. 289) is GRANTED.  The Clerk of Court shall appoint Kelly Kumm from the CJA panel to represent Defendant for purposes of resentencing.

IT IS FURTHER HEREBY ORDERED that appointed counsel shall file a sentencing brief stating the grounds upon which he contends that the sentence should be materially different based on advisory guidelines within thirty (30) days from the date of this Order.[2]  The Government shall have twenty-one (21) days thereafter in which to file a response.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Extension of Time to File Sentencing Brief (Docket No. 298) is MOOT.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion in Support of Defendant's Affidavit of His Due Process (Docket No. 294), Motion for Writ of Error and Coram Nobis (Docket No. 296), Motion for Mercy and Justice (Docket No. 297), Motion for the Court to Rule on All Pending Motions (Docket No. 299), Motion to Correct Miscarriage of Justice (Docket No. 300), Motion to Preserve

---

[2]  The Court recognizes that this time limit may not be adequate for counsel to locate and contact Defendant and make an informed decision.  Defense counsel may request additional time if needed.

**ORDER - 6**

Newly Discovered Evidence (Docket No. 301), Motion to Inquire (Docket No.

302), Motion to Seal Document (Docket No. 303), and Motion to Recall Mandate

(Docket No. 304) are DENIED

     IT IS FURTHER HEREBY ORDERED that Defendant shall refrain from

filing any further pleadings in this matter.  All pleadings shall be filed by his court-

appointed counsel.

DATED:  **December 9, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 7**