IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN ERNEST DADE, )<br>)<br>Defendant. )<br>_____) | Case No. CR-01-196-E-BLW<br><br>**ORDER** |

Pending before the Court are numerous motions filed by Defendant *pro se* (Docket Nos. 305-307, 309, 316-318, and 320-322), the Government's Motion for Order to Release Copy of Recorded Conversations (Docket No. 312), Defendant's Motion for Extension of Time to File Sentencing Brief (Docket No. 315), and defense counsel's Motion for Leave to Withdraw (Docket No. 324).

The Ninth Circuit previously affirmed Defendant's conviction but remanded his case to this Court for the limited purpose of resentencing in light of *United States v. Booker*, 125 S.Ct. 738, 769 (2005), and *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).  *Ameline* provides certain procedures on remand that can be shortened by agreement of the Court and the

Order - 1

parties to proceed directly to a resentencing proceeding. *Ameline*, 409 F.3d at 1085, n.10.

The Court has consulted with counsel for the Government and for the Defendant and determined that they agree to proceed directly to resentencing. Accordingly, the Court will schedule a date for resentencing at this time and direct counsel for the Government to submit an Attorney Special Request to the U. S. Marshal to secure Defendant's presence for resentencing.

The Court will defer ruling on defense counsel's Motion to Withdraw until he has had an opportunity to meet with Defendant upon Defendant's arrival in this jurisdiction. Defense counsel's Motion for an Extension of Time is moot given the parties' agreement to proceed to directly to resentencing.

The Court will also defer ruling on Defendant's *pro se* motions filed prior to appointment of counsel until resolution of the Motion to Withdraw. Defendant's *pro se* motions filed after the appointment of counsel shall be stricken because they were filed in violation of the Court's Order (Docket No. 311) that all pleadings be filed through counsel.

Finally, the Court will defer ruling on the Government's Motion seeking the release of a copy recorded telephone conversations between Defendant and the victim in this case. The Government's Motion is based on the grounds that (1) if

Order - 2

the recordings show that the victim perjured herself, appropriate remedial action can be taken; and (2) it is relevant to resentencing factors that Defendant is contacting the victim from prison in violation of the Court's order in the Judgment that Defendant have no contact of any kind with her.

The relevance of Defendant's alleged violation of the Court's Order is questionable given the limited scope of the remand and the Ninth Circuit's preclusion of consideration of post-sentencing conduct upon resentencing. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir.), *cert. denied*, 122 S. Ct. 2345 (2002) (citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994), *overruled on other grounds by Witte v. United States*, 515 U.S. 389 (1995). *See also* USSG § 5K2.19 providing that post-sentencing rehabilitative efforts are not an appropriate basis for downward departure. While the cited cases and guideline refer to rehabilitative conduct rather than wrongful conduct, the policy considerations would appear to be the same.

The Court recognizes that there may be some concerns on the part of defense counsel about the possible incriminating nature of those recorded telephone conversations. However, it also questions whether Defendant has any standing to object to their release given that prisoners consent to recording of telephone conversations made from prison. The Court seeks input from counsel before

Order - 3

deciding the motion.[1]  The Court also recognizes that there may be some concerns that the tapes may be destroyed or taped over in the usual course of business at the prison.  Accordingly, the Court will set a short time-frame for briefing on this issue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that resentencing of Defendant will take place on **March 30, 2006** at **10:30 a.m.** at the U. S. Courthouse in Pocatello, Idaho.

**IT IS FURTHER HEREBY ORDERED that the Government immediately deliver to the U. S. Marshal an Attorney Special Request (ASR) to arrange for Defendant's transportation as soon as practicable from his place of incarceration to this jurisdiction to allow sufficient time for consultation with counsel prior to resentencing.**

IT IS FURTHER HEREBY ORDERED that counsel for the Government and Defendant file simultaneous briefs within five (5) days from the date of this Order addressing the issues of (1) whether Defendant has any standing to object to

---

[1] The Court recognizes that Defendant himself is also requesting release of the tapes and that it is defense counsel who may have reservations about their release.  Because Defendant is still represented by counsel at this point, the Court will consider his input on the issue.

Order - 4

the production of recordings of telephone conversations with the victim, and (2) whether consideration of post-sentencing violations of the Court's Order is within the limited remand and relevant upon resentencing.  Counsel shall thereafter have five (5) days within which to respond to opposing counsel's brief.

IT IS FURTHER HEREBY ORDERED that Defendant's *pro se* Motions (Docket Nos. 316-318 and 320-322) are stricken having been filed in violation of the Court's Order in Docket No. 311.  **The Court reiterates its prior Order that it will not consider any motions any motions filed by Defendant *pro se*.**  The Clerk of Court is directed not to file any such motions received from Defendant *pro se* after the date of this Order.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Extension of Time (Docket No. 315).  The Court will invite briefing on resentencing after the Motion to Withdraw is resolved.

DATED:  **January 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

Order - 5