IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-01-196-E-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN ERNEST DADE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant has recently filed the following motions: Motion to Unseal the

Huntsman Interview (Docket No. 378), Motion to Petition the Appeals Court for an

En Banc Hearing (Docket No. 379), Motion for Release of Any and All

Recordings (Docket No. 380), Motion to Use the District Court's Transmission

Equipment to Make Electronic Service Under Ninth Circuit Rule 25(c)(1)(D)

(Docket No. 381), Motion to Appoint Counsel (Docket No. 382), and Motion for

Written Request Under Ninth Circuit Rule 30 (Docket No. 383).

Defendant has a long history of filing repetitive and frivolous motions in this

proceeding.  He filed approximately 100 *pro se* motions between the time of the

verdict and the sentencing and approximately 45 *pro se* motions between the time

**Order - 1**

of sentencing and resentencing. Defendant was previously ordered not to file any further *pro se* motions while represented by counsel. *See* Docket Nos. 311 and 328. After he continued to do so, the Court directed the Clerk of Court not to accept any *pro se* motions submitted by Defendant. Docket No. 328. The Court subsequently granted Defendant leave to file one *pro se* motion for a new trial. Docket No. 356. Defendant did so, and the Court subsequently denied the motion Docket No. 372. Defendant filed a *pro se* notice of appeal of the denial of that motion. Docket No. 373.

Prior to the Court's ruling on the new trial motion, the Court resentenced Defendant following an *Ameline* remand. Counsel who represented Defendant on resentencing filed a timely notice of appeal and thereafter was granted leave to withdraw. New counsel was subsequently appointed to represent Defendant in his appeal of his sentence.

A review of the pending motions reveals some are repetitive and previously denied and some appear to have been intended for the Ninth Circuit. To the extent that any of Defendant's motions pertain to denial of his new trial motion or to his sentencing, they are moot and will therefore be dismissed. This Court has no jurisdiction to address any motion on those issues while they are pending on appeal. To the extent that they attack his conviction, they are premature and will

**Order - 2**

be dismissed.  Defendant has previously been advised that any challenge to his conviction should be brought in a § 2255 proceeding which would not be available to him until after direct appellate review is exhausted.  Docket Nos. 311 and 372.

Defendant's filing of repetitive and frivolous motions since the verdict was entered in this case has resulted in a substantial burden on the judicial resources of this Court.  The Court can envision no motions that could properly be addressed by this Court until after direct appellate review is exhausted.  At that time, Defendant will be permitted to file a § 2255 motion challenging his conviction.  Until his appeal is final, allowing Defendant to continue to file repetitive and frivolous *pro se* motions would result in a further drain on judicial resources.  Accordingly, the Court will dismiss the pending motions and order that Defendant file no further motions in this proceeding.  However, because Defendant's Motion to Petition the Appeals Court for an En Banc Hearing (Docket No. 379) and Motion to Appoint Counsel (Docket No. 380) appear to have been intended for the Ninth Circuit, the Court will direct the Clerk of Court to forward it to the Ninth Circuit.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Unseal the Huntsman Interview (Docket No. 378), Motion to Petition the Appeals Court for an En Banc Hearing (Docket No. 379), Motion for Release of Any and All

**Order - 3**

Recordings (Docket No. 380), Motion to Use the District Court's Transmission Equipment to Make Electronic Service Under Ninth Circuit Rule 25(c)(1)(D) (Docket No. 381), Motion to Appoint Counsel (Docket No. 382), and Motion for Written Request Under Ninth Circuit Rule 30 (Docket No. 383) are DISMISSED.

IT IS FURTHER HEREBY ORDERED that Defendant refrain from submitting any further *pro se* motions or documents with this Court until direct appellate review is exhausted at which time he will have the right to file a § 2255 motion.  Any § 2255 motion filed after direct review is exhausted shall be on the appropriate form available from the Clerk of Court.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court:

1.    Shall not accept for filing any further motions or documents submitted by Defendant except for a § 2255 motion filed after direct review is exhausted.  The Clerk of Court shall return, without filing, any motions or documents submitted by Defendant in violation of this Order.

2.    Shall forward a copy of the Motion to Petition the Appeals Court for an En Banc Hearing (Docket No. 379) and Motion to Appoint Counsel (Docket No. 380) to the

**Order - 4**

Ninth Circuit in Case No. 06-30623 as they appear to be

directed to the Ninth Circuit.

3.     Shall mail a copy of this Order to Defendant at the

following address:

John Ernest Dade
Reg. No. 10381-023
USP Big Sandy
U.S. Penitentiary
P. O. Box 2068
Inez, KY   41224



DATED:  **January 26, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 5**