UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:01-cr-00196-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOHN ERNEST DADE, | |
| Defendant. | |

## INTRODUCTION

Before the Court are Defendant's motion for compassionate release (Dkt. 594), Defendant's Amended Motion for Reduction in Sentence (Dkt. 601), and Defendant's Renewed Motion for Compassionate Release (Dkt. 610). The Government opposes these motions. (Dkt. 608). Defendant also filed a motion for the Court to take judicial notice of several included documents. (Dkt. 606).

For the reasons explained below, the Court will deny the motions for compassionate release and deny the motion to take judicial notice.

## BACKGROUND

In September of 2002, John Dade was sentenced to a total term of 336 months for making threatening interstate communications, committing interstate

MEMORANDUM DECISION AND ORDER - 1

domestic violence, and using a firearm while committing one of those crimes. (Dkt. 608). Mr. Dade appealed his convictions and the Ninth Circuit affirmed the convictions. However, the Ninth Circuit vacated the sentence and remanded for resentencing. *Dade v. United States*, 136 Fed. Appx. 973 (2005). This Court again imposed a sentence of 336 months. (Dkt. 362).

Mr. Dade is incarcerated at FCI Lompoc; his scheduled release date is February 9, 2026. Dade is 65 years old and suffers from chronic kidney disease, hyperlipidemia, asthma, and benign hypertrophy of the prostate. (Dkt. 594) He has been vaccinated for COVID-19, and has previously contracted and recovered from COVID-19.

## LEGAL STANDARD

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §3582(c); *See Dillon v. United* States, 569 U.S. 817, 824-25 (2010). Compassionate release is one of the few exceptions to this rule. A defendant may move for compassionate release after fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. See 18 U.S.C. § 3582(c)(1)(A). Assuming a defendant exhausts his or her administrative remedies, then the Court must engage in a three-step process to consider granting

compassionate release. First, the Court must consider the 18 U.S.C. § 3553(a) factors. Second, the Court determine whether "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Third, when considering compassionate release motions filed by a defendant rather than the government, a court may, but is not required to, look to whether a reduction is consistent with applicable policy statements issued by the sentencing commission. *United States v. Aruda*, 993 F.3d at 802, *See* 18 U.S.C. 3582(c)(1)(A)(i). These include factors such as whether 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).' 18 U.S.C.§3582(c)(1)(A). 18 U.S.C. § 3142(g) lists factors to be considered in this determination including the nature and circumstances of the offense, the history and characteristics of the defendant, and the danger that the defendant would pose to the community. See 18 U.S.C. § 3142(g).

## ANALYSIS

Despite Mr. Dade's filing of multiple motions, there are only two issues before the Court. First, the Court must address is whether to take judicial notice of the documents filed at Docket. No. 606. Second, the Court must evaluate Mr. Dade is entitled to compassionate release. The Court will address each of these issues below.

**MEMORANDUM DECISION AND ORDER - 3**

### 1. Judicial Notice

The Court will decline to take judicial notice of the documents Mr. Dade filed at Docket No. 606. Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute," either because it (1) "is generally known within the trial court's territorial jurisdiction: or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court cannot take judicial notice of disputed facts, regardless of whether they are contained within the type of document that fits the above criteria.

The documents filed by Mr. Dade include a motion containing Mr. Dade's assertions that the U.S. Attorney's office and court are biased against him and several arguments for why his conviction cannot stand. As an initial matter, these documents do not fit the criteria from Rule 201 because they contain facts and assertions that are subject to dispute. Further, many of the arguments presented are not relevant to the Defendant's motion for compassionate release. Therefore, the Court will deny the motion to take judicial notice of the documents, but, to the extent the documents are relevant to the motions for compassionate release, the Court will construe the documents as supplemental briefing in support of those motions.

## 2. Exhaustion of Administrative Remedies

The Defendant has not exhausted his administrative remedies. For a court to consider a motion brought under §3582(c)(1)(A) filed by an inmate, the inmate must have requested the BOP make such a motion. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Additionally, the BOP must have failed to make that motion, whether by denial or by failure to timely respond. *Id.* This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Id.* at 1282.

The Government is invoking this mandatory claim-processing rule here. Therefore, unless and until Mr. Dade provides evidence that he has attempted to seek compassionate release from the warden at his institution of incarceration, the Court must deny the Motion on this ground.

## 3. Extraordinary and Compelling Reasons for Release

Mr. Dade has not demonstrated "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Currently, no 'applicable' policy statement governs compassionate-release motions filed by the defendants under the recently amended §3582(c)(1)(A), and as a result, district courts are 'empowered… to consider any extraordinary and compelling reason for release that a defendant might raise.' *United States v. Aruda*, 993 F.3d 797 (9th Cir.

2021). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include, as relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Mr. Dade is 65 years old and suffers from hyperlipidemia, among other medical conditions; he is vaccinated for COVID-19, and has contracted it in the past. (Dkt. 608). He claims that he suffers from "long Covid." (Dkt. 594). Courts have found that vaccinated defendants, even those suffering from multiple, chronic medical conditions, have significant protection against serious illness or death if they contract COVID-19. *See e.g.*, *United States v. Wills*, 2021 WL 2179256 at *3 (D. Oregon May 27, 2021); *United States v. Martinez,* 524 F.Supp. 3d 1062, 1066-1067 (S.D. Cal. March 10, 2021). Additionally, Mr. Dade's cited medical conditions do not indicate he is unable to "provide selfcare within the environment of a correctional facility," and therefore do not rise to the level of "extraordinary and compelling" reasons to grant compassionate release.

Mr. Dade cites at least 34 cases where prisoners suffering from co-morbidities (Hypertension, Hyperlipidemia, and Asthma) were granted

compassionate release or a reduced sentence in light of the COVID-19 pandemic. However, not one of the cases cited was decided after the approval of the Moderna vaccine for emergency use (December 2020). None of the defendants were vaccinated. Therefore, the court does not find those cases to be persuasive. Mr. Dade has not presented "extraordinary and compelling reasons" for compassionate release.

4. **The 18 U.S.C. §3553(a) factors weigh against release**.

The § 3553(a) factors do no support early release of Mr. Dade. In order to grant early release from prison, the Court must consider the § 3553(a) factors.

Mr. Dade's conviction resulted from sexual violence against his domestic partner on multiple occasions and nothing about Mr. Dade's conduct since his sentencing has established that he no longer poses a risk to society. Mr. Dade states in his motion that he is still in contact with the victim of his crimes by email, and discusses living with her upon release—which would place Mr. Dade in the same circumstances that lead to his conviction. (Dkt. 601). The 336-month sentence that was imposed protects society, provides specific and general deterrence, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. The Defendant's request to reduce his sentence is contrary to the objectives of sentencing.

Granting compassionate release in this case would be contrary to the objectives of sentencing, the reasons provided by the Defendant do not rise to the level of "extraordinary and compelling" and this Court may not grant such a motion filed by a defendant if the defendant has not exhausted their administrative remedies. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Compassionate Release (Dkt. 594) is **DENIED**.

2. Defendant's Amended Motion for Reduction in Sentence (Dkt. 601) is **DENIED**.

3. Defendant's Renewed Motion for Compassionate Release (Dkt. 610) is **DENIED**.

4. Defendant's Motion to Take Judicial Notice (Dkt. 606) is **DENIED**.

DATED: May 16, 2022

_____
B. Lynn Winmill
U.S. District Court Judge