UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.    4:01-cr-00196-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOHN ERNEST DADE, | |
| Defendant. | |

Before the Court are several motions filed by Defendant John Ernest Dade. For the reasons set forth below, the motions are moot or denied with the exception of his Motion to Withdraw Reconsideration Motion (Dkt. 636) which is granted.

## BACKGROUND

Defendant has filed a multitude of repetitive motions and appeals over the last twenty years seeking relief from his conviction and 336-month sentence and release from incarceration. His most recent substantive challenge was a counseled

second or successive § 2255[1] motion based on the assertion that the predicate

offenses on which his convictions for interstate domestic violence and use of a

firearm in relation to a violent crime were based did not qualify as "crimes of

violence" under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Court's denial of

this § 2255 motion was affirmed by the Ninth Circuit Court of Appeals on July 28,

2021. *See United States v. John Ernest Dade*, 6 F.4th 1013 (2021).

More recently, Defendant sought compassionate release pursuant to 18

U.S.C. § 3582. Dkts. 594 and 601. The Court denied the motions on May 26, 2022.

Dkt. 615. Many of the pending motions pertain to or flow from the denial of his §

3582 motions. All are addressed below.

1. **"Motion for O.R. Bail" (Dkt. 603)** – Defendant has filed many similar

   motions over the years. Most recently, the Court denied his request for

   bail in its Memorandum Decision and Order of July 27, 2021 (Dkt. 587).

   Defendant asserts nothing in his current motion that would cause the

   Court to revisit its earlier denials of bail. Accordingly, the motion is

   denied.

---

[1] Defendant's Second or Successive § 2255 motion and related proceedings are docketed in Case No. 4:16-cv-00224-BLW.

**MEMORANDUM DECISION AND ORDER - 2**

2. **"Motion Titled 'Continued Reply to the Government's Opposition for 3582 Relief'" (Dkt. 616) --** This motion was received the same day the Court denied the § 3582 relief. The motion simply reiterates his various health complaints that were considered in the Court's decision. The motion is moot.

3. **"Continued Motion to Appeal Denial of 3582 and 3742 pro se motions for sentence reduction, etc.; Continued jurisdictional challenge" (Dkt. 617) –** The motion does not appear to address the denial of his § 3582 motion. Rather, the motion primarily raises arguments of prosecutorial misconduct, evidentiary issues, and other arguments repeatedly rejected by this Court and the Ninth Circuit Court of Appeals. The motion is denied.

4. **"Continued Emergency Motion for Immediate Relief Under 3582 and 3742" (Dkt. 623)** – The motion consists of continued jurisdictional arguments and prosecutorial misconduct allegations all of which have been addressed and rejected before and none of which is relevant to a § 3582 motion for compassionate release. The motion is denied.

5. **"Motion to Withdraw Reconsideration Motion" (Dkt. 636)** – Defendant moves to withdraw his motion for reconsideration of the order denying compassionate release because he filed a notice of appeal of the

decision. The Government has not responded to the motion and will not be prejudiced by withdrawal of the motion. Therefore, the motion is granted.[2] Accordingly, Defendant's "**Motion for 30-Day Extension to File Reconsideration Motion of Dkt. 615" (Dkt. 625)** and "**Motion to Reconsider Court's Order dated 6/15/2022" (Dkt. 629)** are moot.

6. **Motion for Appointment of Counsel (Dkt. 628) –** Defendant seeks counsel arguing that his sentence was illegally and unconstitutionally enhanced under 18 U.S.C. § 924(c). This issue was the subject of his counseled second § 2255 motion. On July 28, 2021, the Ninth Circuit affirmed this Court's decision denying the motion. *See United States v. Dade*, 6 F.4th 1013 (9th Cir. 2021). The motion is denied.

7. **"Motion for Expedited O.R. Bail" (Dkt. 634)** – Defendant requested release from August 9 to August 19, 2022, to attend a funeral service. This motion has become moot due to the passage of time. However, the decision as to whether to grant temporary release is within the purview of the Bureau of Prisons. *See* 18 U.S.C. § 3622 (authorizing the Bureau of

---

[2] The Ninth Circuit subsequently entered an order granting the Government's motion for summary affirmance of this Court's order denying Defendant's motions for compassionate release. *See* Dkt. 638.

Prisons to release prisoners for a limited period under certain
circumstances including for the funeral of a relative); BOP Policy
Statement 5280.09 (describing procedures governing the Bureau of
Prisons furlough program authorized by 18 U.S.C. § 3622).

8. **"Motion to Strike" (Dkt. 635)** – The stated purpose of this motion is to
strike the Affidavit for Search Warrant issued in January of 2002
pertaining to his residence and vehicle. However, it also raises several
challenges to his arrest and imprisonment that have been raised,
addressed, and rejected many times in the past. With respect to the search
warrant issue, the Government advised early in the prosecution that it did
not intend to introduce any evidence seized pursuant to that search
warrant in its case-in-chief. *See Response to Defendant's Motion to
Suppress Evidence*, Dkt. 35. The motion is denied.

9. **"Motion for Sentencing Transcript of the Resentencing" (Dkt. 637)** –
Defendant seeks the transcript so he can file another § 2255 motion. He
states that he needs it "to meet the requirement of a 'PRIMA FACIE
SHOWING' (sic) to petition the Ninth Circuit Under Rule 9 of § 2255 to
file another § 2255 . . . ." Rule 9 provides that pursuant to 28 U.S.C. §
2255, para. 8 [now (h)], a moving party must obtain an order from the
court of appeals authorizing the district court to consider a second or

successive § 2255 motion. Paragraph (h) requires that said motion must be certified by the appropriate court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Here, nothing in the transcript of the resentencing would aid in meeting those criteria. The motion is denied.

## ORDER

Accordingly, **IT IS ORDERED that:**

1. Defendant's motions Dkts. 603, 617, 623, 628, 635, and 637 are **DENIED**.

2. Defendant's Motion to Withdraw Reconsideration Motion (Dkt. 636) is **GRANTED**.

3. Defendant's motions Dkts. 616, 625, 629, and 634 are **MOOT**.

DATED: January 19, 2023

B. Lynn Winmill
U.S. District Court Judge