UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ERNEST DADE,<br><br>Defendant. | Case No.   4:01-cr-00196-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are several motions filed by Defendant John Ernest Dade: Motion to Reduce Sentence (Dkt. 645), Third Motion to Reduce Sentence (Dkt. 646), Motion to Challenge/Modify Conditions of Release (Dkt. 648), Second Motion to Reduce Sentence (Dkt. 649), Second Motion to Reduce Sentence (Dkt. 650), and Motion for Appointment of Counsel (Dkt. 651). For the reasons set forth below, the motions are **DENIED**.

### BACKGROUND

A jury convicted Defendant of two counts of making threatening interstate communications, two counts of interstate domestic violence, and one count of using a firearm in connection with one of those crimes. *Special Verdict Form*, Dkt.

**MEMORANDUM DECISION AND ORDER - 1**

108. On October 23, 2003, the Court imposed a sentence of 336 months. *Min. Entry*, Dkt. 259; *Judgment*, Dkt. 260. On August 31, 2006, the Court imposed the same sentence following a *Booker* remand. *Min. Entry*, Dkt. 361; *Amended Judgment*; Dkt. 362. Defendant is due to be released from incarceration on February 9, 2026. *See* https://www.bop.gov/inmateloc. (Last accessed January 25, 2024).

Defendant previously sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) which the Court denied. *Mot. for Compassionate Release*, Dkt. 594; *Am. Mot. to Reduce Sentence*, Dkt. 601; *Renewed Emergency Mot.*, Dkt. 610; and *Mem. Dec. and Order*, Dkt. 615. On appeal, the Ninth Circuit granted the Government's motion for summary affirmance of this Court's order finding that this Court "did not abuse its discretion in concluding that appellant had not shown extraordinary and compelling reasons for compassionate release, and that the 18 U.S.C. § 3553(a) factors did not support relief." *USCA Order*, Dkt. 638.

The Court has not requested a response from the Government. The Government's Response to the earlier § 3582(c)(1)(A) motion guides the Court in resolving the current compassionate release motions. *See Response*, Dkt. 608. In that Response, the Government detailed, *inter alia*, the serious nature of Defendant's crimes of sexual violence against his former domestic partner, his

**MEMORANDUM DECISION AND ORDER - 2**

attitude as a litigant which the Government contends "reflects his bitterness and anger," and his health issues. *Id*. at 2-6.

## DISCUSSION

The Court will first address those motions that are easily resolved before addressing the primary compassionate release motion.

1. **Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. 645)**

In this Motion, Defendant states that he "requests expedited review and denial for appeal." He alleges that the Warden of his facility did not respond to his requests that the Warden move for compassionate release on his behalf submitted on February 8 and February 10, 2023. However, he does not provide copies of those requests.

As relevant here, an inmate must exhaust his administrative remedies by not filing a motion until "30 days have elapsed since 'the warden of the [inmate's] facility' received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). This requirement is a "mandatory claim-processing rule" that must be enforced if timely raised.

Here, Defendant signed his Motion on February 24, 2023, and it was docketed with the Court on February 27, 2023, clearly less than thirty days after his alleged requests. The Government raised an exhaustion issue in response to

**MEMORANDUM DECISION AND ORDER - 3**

Defendant's earlier compassionate release motion. The Court has no doubt that it would have done so here had the Court directed the Government to file a response. Because Defendant unquestionably failed to provide copies of his requests and filed his Motion prior to the expiration of thirty days from the dates of the requests, the Motion is denied.

2. **Motion to Challenge All Conditions of Supervised Release (Dkt. 648)**

In this Motion, Defendant contends (1) that all conditions of supervised release exceed the Court's statutory authority and violate his constitutional rights, and (2) that his "alleged" crimes are misdemeanors that do not meet the federal definition for a federal felony.

Defendant is again challenging his sentence despite numerous prior unsuccessful challenges on the same grounds. He alleges that the conditions are unreasonable and that all should be terminated. He also alleges "structural error" at the resentencing and that the Court "has refused" to address the issues he has raised. Defendant does not address his claim that his alleged crimes are misdemeanors in the body of his motion, but he has raised this issue unsuccessfully before this Court and the Ninth Circuit many times throughout the years. The Motion is denied.

3. **Second Motion for Relief under 18 U.S.C. § 3582(c)(1)(A) For Good Cause Continued Jurisdictional Challenge (Dkt. 649)**

**MEMORANDUM DECISION AND ORDER - 4**

Despite its title, this Motion merely rehashes previous complaints about his appointed trial counsel and the Court without a specific request for relief. To the extent that it can be considered a motion, it is denied.

Attached to the Motion is a second document (Dkt. 649-1) with a similar heading. In it, Defendant makes a brief argument pertaining to alleged entitlement to § 3582(c)(1)(A) relief, but primarily advances his repetitive arguments that he is actually innocent; that the offenses of conviction were misdemeanors; that a search warrant was invalid; that there was no "jurisdiction" to arrest him; and that the Court, the prosecutor, and his attorney are guilty of misconduct. The Motion is denied.

4. **Second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Continued Jurisdictional Challenge (Dkt. 650)**

This Motion appears to be the substantially the same as the Motion filed at Docket No. 649 although it does not include the document filed at Docket No. 649-1. The Motion is denied.

5. **Motion for Appointment of Counsel Under the CJA Act 18 U.S.C. § 3006A(c) (Dkt. 651)**

Defendant seeks appointment of counsel in connection with his compassionate release motion to expedite its resolution so he can be released and get the "real medical attention he needs." *Mot. to Appoint Counsel*, Dkt. 651 at 3. He does not identify any medical needs that are not currently being met or what

**MEMORANDUM DECISION AND ORDER - 5**

medical attention would be available to him if he were released. The Motion is denied.

There is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). *See also United States v. Holmes*, 2023 WL 8108461 at *1 (9th Cir. Nov. 22, 2023) (no right to counsel in proceeding for compassionate release); *United States v. Ortiz*, 2023 WL 1781565 at *7 (W.D. Wash. Feb. 6, 2023) (same). Nor is there a statutory right to counsel. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) ("... every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings.") (collecting cases, including *Townsend*). Whether to appoint counsel in § 3582(c) cases is discretionary. *Townsend*, 98 F.3d at 513 (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Defendant has adequately set forth his claims. The Court declines to exercise its discretion to appoint counsel.

6. **Third Motion for Compassionate Release (Dkt. 646)**

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See Dillon v. United States*, 569 U.S. 817, 824-25 (2010). Compassionate release is one of the few exceptions to this rule. A defendant may move for compassionate release after fully exhausting all

**MEMORANDUM DECISION AND ORDER - 6**

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A); *Keller*, 2 F.4th at 1281.

Assuming a defendant exhausts his or her administrative rights, the Court must then engage in a three-step process to consider granting compassionate release. The Ninth Circuit had instructed that a court must first consider the 18 U.S.C. § 3553(a) sentencing factors and then determine whether "extraordinary and compelling reasons warrant such a reduction." *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A)(i). *Aruda* further instructed that when considering compassionate release motions filed by a defendant rather than the government, a court may, but was not required to, look to whether a reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13 issued by the Sentencing Commission. *Id.* This was so because at the time, § 1B1.13 only referred to motions filed by the BOP.

After *Aruda* was decided, the Sentencing Commission proposed and Congress approved amendments to that policy statement effective November 1, 2023, specifically including motions filed by a defendant and expanding the categories of "extraordinary and compelling reasons" supporting a sentence reduction. *United States v. Brown*, 2023 WL 8650290 (W.D. Wash. Dec. 14, 2023)

**MEMORANDUM DECISION AND ORDER - 7**

(citations omitted); *United States v. Eccles*, 2024 WL 83493 (W.D. Wash. Jan. 8, 2024) (same). Accordingly, a court is now required to consider § 1B1.13 and to consider only the newly enumerated six categories of factors.[1] *Brown*. at *3 (citing U.S.S.G. § 1B1.13(b)). The amended policy statement requirement that a court must determine that a defendant is "not a danger to the safety of any other person or to the community" is also applicable to motions filed by a defendant. *Id*. citing 18 U.S.C. § 3142(g); § 1B1.13(a)(2).

A court may deny compassionate release if any one of the three § 3582(c)(1)(A) requirements is not met. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citation omitted) (referring to extraordinary and compelling reasons, policy statement compliance, and favorable § 3553(a) factors).

A. **Exhaustion**

Defendant alleges that he submitted requests for compassionate release to the Wardens at FCI Lompoc on December 27, 2023, and at FCI Terminal Island (where he was temporarily housed to address his heart-related health issues) on February 19, 2023. Neither Warden responded. Defendant did not provide copies

---

[1] Those factors include: (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons that are "similar in gravity" to the prior four categories, and (6) unusually long sentence. *Brown* at *3 (citing U.S.S.G. § 1B1.13(b)).

of the alleged requests. Because he filed the Motion on April 24, 2023, well beyond 30 days after he submitted his requests, Defendant appears to have satisfied his administrative exhaustion requirement assuming his unsupported representations are accurate. However, the Court need not resolve the exhaustion issue because the Motion is subject to dismissal on the merits.

B. **Grounds For Release**

Defendant checked three boxes on the form Motion under Grounds for Release:

(1) I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

(2) I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

(3) There are other extraordinary and compelling reasons for my release.

Expanding on the grounds for relief, Defendant alleges that he had five heart attacks in eight months; three heart operations from December 12, 2022, to January 17, 2023; stent operations on December 12, 2023, and January 13, 2023; and triple coronary bypass surgery on January 17, 2023. These conditions had obviously not yet occurred at the time the Court denied his earlier compassionate release motion

**MEMORANDUM DECISION AND ORDER - 9**

on May 16, 2022. Additionally, he relies on various other conditions that had been included with that earlier Motion such as COPD, asthma, hyperglycemia, PTSD, obesity (BMI 30), long Covid, and "constant" memory loss and forgetfulness.

Although Defendant alleges the more recent medical heart-related issues, he has not submitted any supporting documentation for those conditions or for the assertion regarding the effects of those conditions on his ability to provide self-care.

The Court assumes that Defendant's heart issues have been stabilized given his return to FCI Lompoc. In the absence of any evidence that his medical conditions are not controlled, the Court is not persuaded that he has made the requisite showing for relief.

## C. § 3142(g), Danger to the Community, and § 3355(a) Factors

In its prior decision, the Court concluded that nothing about Defendant's post-conviction conduct indicated that he was no longer a risk to society. *Mem. Dec.*, Dkt. 615. At that time, Defendant was still in email contact with the victim of his crimes and discussing living with her upon his release. *See Am. Mot.*, Dkt. 601. He has made no such representations in his current Motion. However, the Court remains concerned that Defendant would re-establish (or continue) contact with the victim given his repeated contacts with and comments about the victim over the years. His numerous and ongoing pro se filings indicate his continued anger and

**MEMORANDUM DECISION AND ORDER - 10**

denial of his guilt. His constant blaming of the victim, the Court, the prosecutor, and defense counsel for his conviction and lengthy sentence indicate that his thought processes have not changed over the years. That he did not file a plan for release with his Motion is an additional cause for concern.

When denying the earlier Motion, the Court found that granting compassionate release would be contrary to the objectives of sentencing set forth in § 3553(a). *Mem. Dec. and Order*, Dkt. 615 at 7-8. Although the Court only generally commented on those factors in its decision, it elaborates here.

The Court initially imposed the 336 month-sentence after granting a downward departure based on his extraordinary childhood abuse from a range of 376-384 months and imposed the same sentence on remand despite the intervening *Booker* decision rendering the sentencing guidelines advisory. Although the fact that Defendant has only approximately two years left on his lengthy sentence might suggest that release is appropriate, a review of the resentencing transcript (Dkt. 387-2) and the Court's subsequently filed Sentencing Memorandum (Dkt. 368) coupled with his repetitive filings suggests otherwise.

At the resentencing, the Court opined that it "[knew] this case as well as probably any case that [it had] ever presided over in terms of sentencing and the various factors." *Tr.* at 81 (Dkt. 387-2 at 1). The Court adopted all its comments from the original sentencing. *Id*. Its main concern was protection of the victim and

**MEMORANDUM DECISION AND ORDER - 11**

any other woman with whom Defendant might become involved. *Id*. at 92 (Dkt. 387-2 at 12). It strove to find "the shortest sentence that would ensure that [the victim] would be protected." *Id*.

In addressing the nature and circumstances of the offense and Defendant's history and characteristics, the Court noted Defendant's incessant and increasingly more serious threats, harassment, and stalking of the victim; repeated defiance of no-contact orders; apparent inability to control his behavior; and the disturbing results of his psychological evaluation. *Id*. at 92-94 (Dkt. 387-2 at 12-14).

Turning to the need for adequate deterrence, the Court noted that even incarceration had not deterred Defendant from contacting the victim and that there was an "absolute need" to protect the victim and any future spouse or girlfriend. *Id*. at 95 (Dkt. 387-2 at 15). Finally, the Court emphasized the need for Defendant to receive psychological treatment while incarcerated. *Id*.

At the end of the resentencing hearing, the Court reiterated that Defendant was to have absolutely no contact with the victim either by telephone or correspondence "beginning immediately." *Id*. at 106 (Dkt. 387-2 at 106). Many of Defendant's pro se filings have referenced contacts with the victim at least as recently as two years ago.

At the time of both the sentencing and resentencing, the Court emphasized its concern for the safety of the victim and others as it determined the shortest

**MEMORANDUM DECISION AND ORDER - 12**

sentence that would protect the victim. It sees no reason to make that sentence even shorter now.

## CONCLUSION

For all of the reasons cited above, the concerns the Court had at resentencing eighteen years ago have not abated. The Court finds that Defendant still presents a danger to the victim and to the community.

The Court recognizes from previous filings that Defendant has availed himself of various programs and maintained a good disciplinary record while incarcerated. But that does not convince the Court that he will not revert to his former behavior upon release. Defendant has approximately two years left on his sentence during which he can continue to receive medical care and to participate in additional correctional treatment. The Court is hopeful that the additional time will decrease the risk of danger to the victim or to the community at large upon his release.

## ORDER

Accordingly, **IT IS ORDERED that:**

1. Defendant's motions (Dkts. 645, 646, 648, 649, and 651) are **DENIED**.

2. Defendant's Second Motion to Reduce Sentence (Dkt. 650) is duplicative of Dkt. 649-1 and therefore **MOOT**.

**MEMORANDUM DECISION AND ORDER - 13**

3. Defendant's Motion for Appointment of Counsel (Dkt. 651) is

   **DENIED**.

DATED: February 3, 2024

_____
B. Lynn Winmill
U.S. District Court Judge