UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ERNEST DADE,<br><br>Defendant. | Case No.   4:01-cr-00196-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendant John Ernest Dade's "Subsequent 28 U.S.C. § 2255 Motion Challenging the New Judgment and Full Resentencing" (Dkt. 656), "Continued Emergency Motion for Bail" (Dkt. 658), and "Motion to Immediately Discharge Dade Under 18 U.S.C. § 3742(a)(1)(2)(4)" (Dkt. 665). For the reasons set forth below, the Motions are denied.

## BACKGROUND

Throughout the term of his incarceration, Mr. Dade has filed numerous motions for release on various grounds including compassionate release pursuant

MEMORANDUM DECISION AND ORDER - 1

to 18 U.S.C. § 3582(c)(1)(A) that the Court has denied. The Court denied the most recent Motions on February 3, 2024. *Mem. Dec. & Order*, Dkt. 653. Likely before he received the Court's decision, Mr. Dade filed an Emergency Motion for Compassionate Release. Dkt. 654. In that Motion, he sought release and bail while awaiting a decision in Ninth Circuit Case No. 23-3155, *John Ernest Dade v. United States*, or placement in an "RRC" so he can receive cancer treatment for his "rapidly spreading" invasive squamous cell carcinoma at the Huntsman Center in Utah.

Prior to the due date of the Government's Response, Mr. Dade withdrew that Motion in his subsequent "Motion to Withdraw Docket Entry #654 Without Prejudice and For Good Cause." Dkt. 657. Mr. Dade then appealed the Court's decision on the earlier motions. Dkt. 660. According to the Ninth Circuit Docketing Notice filed in Case No. 24-1314 on March 6, 2024, the appeal is under review to determine whether it will be permitted to proceed given that Mr. Dade is subject to a pre-filing review order. Dkt. 661; *United States v. Dade*, Ninth Circuit Case No. 24-1314, Dkt. 2. That review was still pending as of March 28, 2024.

On March 14, 2024, the Government timely filed its response to Mr. Dade's Emergency Motion for Compassionate Release (Dkt. 654) and to his Motion to Withdraw (Dkt. 657). Dkt. 664. The Government advised that it would not respond

**MEMORANDUM DECISION AND ORDER - 2**

to the substance of the former Motion given that it had been withdrawn. However, it reiterated its opposition to Mr. Dade's early release. *Id*.

The Court has not ordered a Response to the three pending Motions. It will address each Motion in turn.

**1.    Subsequent 28 U.S.C. § 2255 Motion – Dkt. 656**

A defendant may not file a second or successive § 2255 Motion unless certified, as appropriate here, by a panel of the Ninth Circuit Court of Appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense: or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Mr. Dade has filed two prior § 2255 Motions that the Court denied. *See* Case No. 4:09-cv-512-BLW and Case No. 4:16-cv-224-BLW. The Ninth Circuit affirmed those denials on appeal. He had obtained authorization to file the second § 2255 Motion without the assistance of an attorney. *See* Case No. 4:16-cv-224-BLW, Dkt. 1-3. Mr. Dade is obviously aware of the requirement for appellate authorization to file the pending § 2255 Motion.

**MEMORANDUM DECISION AND ORDER - 3**

On February 26, 2024, the Ninth Circuit denied Mr. Dade's in Case No. 23-3155 application for authorization to file a second or successive § 2255 Motion. *See* Case No. 4:16-cv-224-BLW, Dkt. 210. The grounds for that October 30, 2023, application appear to be substantially similar to Mr. Dade's current § 2255 Motion before this Court. *See* Ninth Circuit Case No. 23-3155, Dkt. 1. If Mr. Dade had been seeking leave to file the pending § 2255 Motion, that leave has been denied and the Court has no jurisdiction to address it. If he had not been seeking leave to file the pending § 2255 Motion, the Court likewise has no jurisdiction to address it given the lack of authorization from the Ninth Circuit.

2. **Continued Emergency Motion for Bail and Placement in an RRC in Utah – Dkt. 658**

Mr. Dade once again seeks bail and release based on claims of unlawful conviction and actual innocence that have been raised and denied over the years by this Court and the Ninth Circuit and will not be revisited here.

Mr. Dade also complains of the Bureau of Prisons' alleged failure to provide him with adequate medical care. He requests this Court to order his immediate release to an RRC in Utah so he can receive the care he needs for his squamous cell carcinoma. He also requests that the Court "hold" his Motion at Dkt. 654 (the one he withdrew) in abeyance "until the other issues in the other court's (sic) are

**MEMORANDUM DECISION AND ORDER - 4**

resolved" in the Central District of California and the Ninth Circuit in Case No. 23-3155.[1]

An RRC is a Residential Reentry Center sometimes referred to as a halfway house. The Bureau of Prisons contracts with RRCs to provide assistance in various areas to inmates nearing the end of their incarceration including assistance with medical care. *See* https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp. However, the decision to place an inmate into an RRC or any other place of confinement is made by the Bureau of Prisons, not the Court. *See* 18 U.S.C. § 3621(b)(5). That provision states in relevant part:

> Any order, recommendation, or request by the sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. Notwithstanding any other provision of law, a designation of a place of

---

[1] The California case to which Mr. Dade refers is presumably his counseled 28 U.S.C. § 2241 proceeding in *Dade v. Birkholz*, Central District of California (Western Division), Case No. 2:22-cv-05907-JGB-AS. He seeks relief under the escape hatch of 28 U.S.C. § 2255(e) to pursue his claims that he is actually innocent of Counts 3, 4, and 6 of the Second Superseding Indictment. (Dkt. 43). The assigned Magistrate's Report and Recommendation urging dismissal of the habeas petition was pending as of March 28, 2024. As noted above, his application in Ninth Circuit Case No. 23-3155 was denied on February 26, 2024.

**MEMORANDUM DECISION AND ORDER - 5**

>imprisonment under this subsection is not reviewable by any court.

Even if it were so inclined, the Court could not order Mr. Dade's placement in an RRC. He requests the placement because he believes he is receiving inadequate medical care. A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the appropriate mechanism for challenging the manner, location, or conditions under which a sentence is executed and is to be filed in the custodial court. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). Accordingly, Mr. Dade should seek relief based on inadequate medical care in the district court in which his prison facility is located.

### 3. Motion to Immediately Discharge Dade – Dkt. 665

Mr. Dade again raises a myriad of formerly addressed issues but this time under the guise of a motion pursuant to 18 U.S.C. § 3742(a)(1), (2), and (4). That statute does not create a cause of action but merely lists the grounds on which a defendant can appeal his sentence. *See, e.g.*, *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("These sections do not grant jurisdiction to a district court to review a final sentence."); *United States v. Burridge*, 125 Fed. Appx. 961, 963 (10th Cir. 2005) (same; the section merely allows a defendant to file a notice of appeal in the district court on the stated grounds).

**MEMORANDUM DECISION AND ORDER - 6**

# ORDER

**IT IS ORDERED that**:

1. Subsequent 28 U.S.C. § 2255 Motion Challenging the New Judgment and Full Resentencing" (Dkt. 656) is **DENIED**.

2. Continued Emergency Motion for Bail (Dkt. 658) is **DENIED**.

3. Motion to Immediately Discharge Dade Under 18 U.S.C. § 3742(a)(1)(2)(4) (Dkt. 665) is **DENIED**.

DATED: April 2, 2024

B. Lynn Winmill
U.S. District Court Judge