UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ERNEST DADE,<br><br>Defendant. | Case No. 4:01-cr-00196-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are numerous motions filed by Defendant John Ernest Dade. *See* Dkts. 668, 669, 670, 671, 674, 675, 680, 682, 683, 686, and 687. For the reasons explained below, the Court will deny or dismiss all pending motions.

## DISCUSSION

After an 11-day jury trial in 2002, Dade was convicted of threatening interstate communications, interstate stalking, two counts of interstate domestic violence, and use of a firearm in relation to a violent crime. The Court sentenced him to 336 months of incarceration. Dade's conviction and sentence have been upheld on appeal, and the Ninth Circuit twice denied Dade's motions for relief under 28 U.S.C. § 2255.

Dade has filed a multitude of repetitive motions and appeals over the past 20

years. The common theme in these filings is that Dade claims he is innocent. Among other things, he will typically seek relief from his conviction, release from incarceration, and revisions to the conditions of supervised release. The latest filings are mostly variations on these themes. Because the Court has addressed the same or similar arguments before, the explanations offered here will be brief.

1. **Motion to Reinstate Motion for Compassionate Release (Dkt. 668)**

In this motion, Dade seeks to reinstate a motion for compassionate release, which he filed and then withdrew. *See* Dkt. 654 (emergency motion for compassionate release); Dkt. 657 (withdrawal of motion). The motion will be denied because there is no evidence that Dade has made any attempt to exhaust his administrative remedies. For a court to consider a motion brought under §3582(c)(1)(A) filed by an inmate, the inmate must have requested that the Bureau of Prisons (BOP) make such a motion. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Additionally, the BOP must have failed to make that motion, whether by denial or by failure to timely respond. *Id.* This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Id.* at 1282.

2. **Subsequent Motion Under 28 U.S.C. § 2255 (Dkt. 669)**

In this motion, Dade once again seeks relief under 28 U.S.C. § 2255. A defendant may not file a second or successive § 2255 motion unless certified, as

MEMORANDUM DECISION AND ORDER - 2

appropriate here, by a panel of the Ninth Circuit Court of Appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Dade has filed two prior § 2255 motions. The Court denied both motions, and the Ninth Circuit affirmed those denials on appeal. *See Case No. 4:09-cv-512-BLW and Case No. 4:16-cv-224-BLW.* The Ninth Circuit has not authorized a third § 2255 motion. Accordingly, the Court will dismiss this motion.

### 3. Motions for Immediate Discharge, Bail Hearing, and Ruling (Dkts. 670, 671, 674, 675, 683)

In these motions, Dade asks the Court for various forms of relief, including that the Court: (1) conduct an immediate bail hearing; (2) immediately discharge him; and (3) immediately rule on his motions seeking relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3742(a)(1)(2)(4). These motions will be denied. As noted, the Court has denied Dade's previous motions under 28 U.S.C. § 2255 and the Ninth Circuit has not authorized another motion. Aside from that, Dade's requests for relief under any other statute or authority lacks merit.

MEMORANDUM DECISION AND ORDER - 3

### 4. Motion to Strike (Dkt. 680)

In this motion, Dade asks the Court to strike its April 2, 2024 Decision (Dkt. 667). He says the Court did not provide a copy of the decision to him and, as a result, he didn't learn about the decision until later, when he was conducting legal research. The Court will deny the motion to strike, but it will instruct the Clerk to mail another copy of this decision to Dade. The Clerk's office staff typically mails written decisions to the address on file for pro se litigants, and it is the litigant's responsibility to update the Court with any changes of address.

### 5. Motion to Dismiss for Lack of Jurisdiction (Dkt. 682)

In this motion, Dade challenges the Court's jurisdiction, noting that he "has never agreed to any federal jurisdiction." Dkt. 682, at 1. The motion will be denied. Dade was charged with and convicted of federal crimes. A federal district court unquestionably has jurisdiction over such matters.

### 6. Motion for Interlocutory Injunction (Dkt. 686)

In this motion, Dade complains about various earlier rulings the Court has made over the years. Dade repeatedly expresses his view that the undersigned judge is dishonest and incapable of issuing logical, well-supported legal ruling. *See* Dkt. 686, at 5 ("This is the biggest bunch of hogwash ever penned by a so called honest judge."); *Id.* at 3 ("The record proves another bold faced lie by Judge BLW"); *Id.* ("Judge BLW loves to twist the facts into a lie to suit his positions");

*Id.* at 6 ("Judge BLW's legal conclusions are illogical, hyperbolic, contradictory, double talk, legal nonsense . . . ."). Dade seeks various forms of relief, including a new trial.

Dade has not met the standard for any form of relief sought, including reconsideration of any prior ruling, vacation of his sentence, or a new trial. Accordingly, the Court will deny this motion.

### 7. "Motion to Vacate Dade's Sentence to Correct the Unreasonable Conditions of Supervised Release . . . ." (Dkt. 687)

In this motion, Dade is essentially asking the Court to reconsider its denial of an earlier motion seeking similar relief. *See Feb. 3, 2024 Decision,* Dkt. 653, at 4. The Court will deny this motion, as Dade has not persuaded the Court that reconsideration is necessary or appropriate. Alternatively, to the extent Dade advances new arguments, they lack merit. So the motion will be denied for that additional reason.

### ORDER

**IT IS ORDERED that:**

(1) Defendant's pending motions (Dkts. 668, 670, 671, 674, 675, 680, 682, 683, 686, and 687) are **DENIED.**

(2) Defendant's motion under 28 U.S.C. § 2255 (Dkt. 669) is **DISMISSED.**

(3) The Clerk is instructed to terminate the motion at Dkt. 211 in *Dade v. United States,* Dkt. 4:16-cv-224, as that motion is duplicative of the motion filed at

Dkt. 682 in this case.

(4) The Clerk is instructed to mail a copy of the Court's decision at Dkt. 667 to Dade.

DATED: July 25, 2025

B. Lynn Winmill
U.S. District Court Judge